IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKALHOMA

| | |
|---|---|
| 1. Annie Owen, individually and on behalf of herself and all others similarly situated, ) ) ) ) ) | |
| Plaintiffs, ) ) | |
| -vs- ) ) | Case No. _____ |
| 1. Continental Carbon Company, ) ) | |
| Defendant. ) | |

## CLASS ACTION COMPLAINT

The Plaintiffs, Annie Owen on behalf of herself and others similarly situated, for their cause of action against Continental Carbon Company allege and state as follows:

## PARTIES AND JURISDICTION

1.      Annie Owen is a citizen of Oklahoma and a resident of Ponca City, Kay County Oklahoma.

2.      Continental Carbon Company ("CCC") is a corporation organized and existing under the laws of the State of Delaware.  CCC's principal place of business is Houston, Texas.  CCC manufactures and sells industrial chemicals and compounds within the State of Oklahoma and is registered and authorized to do business in the State of Oklahoma.

3.      The amount in controversy, without interests and costs, exceeds $75,000.

4.      Jurisdiction is proper under 28 U.S.C. § 1332 (diversity of citizenship).

## CLASS ALLEGATIONS

5.    The Plaintiffs bring this action pursuant to Federal Rules of Civil Procedure ("FRCP"), Rule 23, on behalf of herself and all members of the class of property owners whose residential, commercial or government properties are located in close proximity to CCC's Ponca City, Oklahoma plant, and which have been subjected to the continuing nuisance and trespass of Carbon Black dust particles (and other fine particulate matter) emitted by that plant and are not presently a plaintiff in another suit against CCC.

6.    The class described herein is comprised of hundreds of residential, commercial, and government property owners.  The number of property owners with claims for legal and equitable relief against the Defendant is so numerous that joinder of all claims of all members is impracticable.

7.    The prosecution of separate actions by individual members of the class would create a risk of (a) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the Defendant and/or (b) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the members not parties to the adjudications or substantially impair or impede their ability to protect their interests.  The averments of this complaint and the following paragraphs will more particularly describe the aforementioned risk of disposition, impairment or impediment of the interests of the individual members of the class.

8.    The Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate the issuance of final injunctive relief

2

with respect to this class as a whole.  The averments of the complaint in the following paragraphs will more particularly describe the necessity of a final injunctive and corresponding declaratory relief Order addressing the Defendant' wrongful actions or inaction.

9.    The questions of law and fact common to members of the class predominate over any questions affecting only individual members, so that a class action is a superior method to any other available method for the fair and efficient adjudication of this controversy.

10.    The claims of the class representatives for the class and the Defendant' defenses to those clams are typical of the claims to be advanced by members of the class and the Defendant' defenses thereto.

11.    Plaintiff, Annie Owen, will adequately represent the interests of the class and each of its members.

12.    This case will, therefore, meet all the requirements of the Federal Rules of Civil Procedure and will be appropriate for class certification.

## FACTUAL ALLEGATIONS

13.    Continental Carbon Company manufactures a product known as "Carbon Black" at its plant in Kay, County, Oklahoma.  The facility was previously owned and operated by Witco Corporation until it was sold to CCC in June of 1995.

14.    Since acquiring the plant in 1995, the Defendant has steadily increased the level of Carbon Black production at the plant.  Over the past several years, the Defendant has greatly increased the manufacturing capacity of its Kay County,

Oklahoma plant, bringing the production of the plant to over 300 million pounds of Carbon Black annually.

15.    Carbon Black is an industry term used to describe a powdery commercial form of carbon.  Carbon Black is made primarily from petroleum refinery residual oil. The residual oil is pumped into a furnace or reactor where it is heated to temperatures of approximately 2,000 degrees Fahrenheit.  This process "cracks" the oil to produce a gas stream ladened with very fine Carbon Black dust.  The gas stream is carried pneumatically through a series of bag filters, which are intended to separate the Carbon Black from the waste gasses in the pneumatic line.  The Carbon Black dust is then conveyed to a pelletizing system where a finding fluid is introduced to create small "pellets" of Carbon Black which are then passed through a drying system.  Following the pelletizing process, the Carbon Black pellets are packaged for delivery to the plant's customers.

16.    The operations at CCC's Kay County, Oklahoma plant result in the emissions of black and/or dark-like materials/substances and/or other particulate matter ("Particulate Matter") which can fall on neighboring properties.  Fine Carbon Black dust that is manufactured at CCC's plant is one form of Particulate Matter.

17.    While the corporate defendant owns and operates a number of plants and/or facilities in the United States, their Kay County, Oklahoma plant produces far more Particulate Matter annually than any of the other plants.

18.    Carbon Black is primarily used as a reinforcing agent and for its pigment in the manufacture of various products.  Tire manufacturers are the main consumer of

4

Carbon Black although the product has a wide variety of uses that include industrial rubber products, paints, inks and plastics.

19.     Particulate Matter that is manufactured at the Defendant's Kay County, Oklahoma plant is black and sticky.  Particulate Matter is very difficult to wipe or clean off of human skin and it can be impossible to clean off of objects such as buildings, homes, cars, boats and clothing.

20.     The carbon component of Carbon Black often binds with other chemicals during the manufacturing process which makes Carbon Black dust emissions more hazardous.  For example, polyaromatic hydrocarbons (also called "PAHs") are often found in Carbon Black.  When PAHs are combined with Carbon Black dust, the resulting product is a hazardous air pollutant.

21.     The Occupational Safety and Health Administration ("OSHA") requires chemical manufacturers such as CCC to evaluate all products produced in the work place to determine if they are hazardous.  Any chemical for which OSHA has established a permissible exposure limit ("PEL") is automatically considered hazardous. According to OSHA regulations, Carbon Black is considered hazardous.

22.     The carcinogenicity of Carbon Black has been clinically established in testing on laboratory animals.  Currently, the International Agency for Research on Cancer ("IARC") classifies Carbon Black as a Class 2B Carcinogen.

23.     Internal plant-related documents maintained by the Defendant acknowledge that "Carbon Black is very penetrating and tends to travel long distances in natural air currents."  These internal documents also acknowledge that "nuisance

dust" associated with the Defendant's Kay County, Oklahoma plant "is deposited inside residences and on outdoor property."

24.    Exposure to Particulate Matter dust particles causes damage to property such as buildings, homes, automobiles, boats, vegetation, clothing and other real and personal property that comes into contact with the substance.

25.    Officers and directors of the corporate defendant has admitted in prior sworn testimony that Particulate Matter dust emissions can be a nuisance when it falls on privately owned real and personal property.

26.    The Defendant's Kay County, Oklahoma plant operates four separate Particulate Matter production units ("Units 1, 2, 3 & 4").  Collectively, these four units utilize four main bag filter systems, five exhaust bag filter systems, five clean up bag filter systems, four drum dryers, three thermal oxidizers, seven waste gas combustors (dryers), six feed stock oil tanks, seven Carbon Black reactors and 16 Carbon Black product tanks.  An enormous amount of piping is installed to convey Carbon Black to and from these various systems and pieces of equipment.  The Defendant's Kay County, Oklahoma plant also includes a large loading and shipping facility where finished Carbon Black is loaded into "super sacks", hopper cars and rail cars.

27.    For a number of years, the Defendant's Kay County, Oklahoma plant has experienced operational problems that have led to Particulate Matter air emissions.  The plant's bag filter houses are old and in very poor condition.  In many instances, corrosion damage associated with the bag house metal walls and collection cones has resulted in leaks and Carbon Black fugitive emissions.  Air pollution control devices known as "bag filters" have failed prematurely, and continue to fail at an alarming rate at

the Defendant's Kay County, Oklahoma plant. Corrosion damage in the plant's process piping has also led to numerous Particulate Matter leads and emissions. Other important pieces of equipment at the plant to include dryer drums, cooling towers and accumulator tanks, have experienced frequent leaks which have also, in turn, released Particulate Matter into areas inhabited by the Plaintiffs.

28.   The Defendant has been on notice of their equipment malfunctions, defects and leakage problems for years and have failed and refused to take steps to adequately address these problems. The Defendant's intentional refusal to correct these problems has resulted in frequent Particulate Matter emissions and damage to the Plaintiffs.

29.   For a number of years, the Defendant's Kay County, Oklahoma plant has failed to follow or maintain proper and accepted housekeeping procedures in order to minimize the emission or release of Particulate Matter dust. The Defendant's negligent and/or intentional failure to correct their housekeeping deficiencies has resulted in frequent Particulate Matter emissions and damage to the Plaintiffs.

30.   In response to numerous complaints by citizens in the surrounding area, the Defendant has fraudulently maintained that they are not responsible for the damages caused or the nuisance that continues to plague the area surrounding their plant. The Defendant knows, or should have known, that their plant is damaging the Plaintiffs and is causing a continuing nuisance and trespass.

31.   The Defendant has wrongfully and fraudulently concealed their practice of causing or ignoring "fugitive emissions" of Particulate Matter particles into the environment inhabited by the Plaintiffs. The Defendant has concealed the fact that they

are responsible for the discharge of harmful substances into the air and water from their Kay County, Oklahoma plant.

32.    The Defendant has engaged in a pattern and practice of manipulating test results and plant monitoring in order to claim that their plant is not the cause of this black dust nuisance.  The Defendant has also engaged in a pattern and practice of manipulating test results and plant monitoring in order to claim that their plant has operated in compliance with applicable regulations when, in fact, the plant's emissions have created damaging and dangerous conditions in the environment inhabited by the Plaintiffs.

33.    The Defendant has known for years that they could sharply reduce and possibly eliminate their Particulate Matter emissions by properly repairing and/or replacing faulty plant equipment.  However, the Defendant has stubbornly refused to make needed repairs and improvements to their plant or reduce their Particulate Matter production levels in an effort to reduce the pressure and strain on their older equipment.

34.    In committing the wrongful actions and omissions described herein, the Defendant has acted clandestinely, illegally, intentionally, wantonly, willfully, fraudulently, negligently and with gross-negligence.  The acts of the Defendant was done without regard for the property of the Plaintiffs and the environmental integrity of the surrounding land.  Said acts were done without regard to the public health and safety of the Plaintiffs and their community.  The Defendant's acts were done in disregard of the Defendant's duty of care to the public and to these Plaintiffs.

35.    The wrongful conduct of the Defendant as herein described constitutes a continuing violation in tort including trespass and nuisance.  The Plaintiffs have been damaged and are continuing to be damaged by the wrongful acts of the Defendant.

36.    As a direct and proximate result of the wrongful acts and omissions by the Defendant in contaminating the air, land and water in the vicinity of their Kay County, Oklahoma plant, the Plaintiffs have suffered and will continue to suffer damages, including, without limitation, the following:

(a)    Damage to property such as automobiles, boats, homes, buildings and other structures that are stained with Particulate Matter dust;

(b)    Out of pocket costs associated with the cleaning of buildings, structures, landscapes, personal property and all other items coated with the Particulate Matter dust emitted from the Defendant's Kay County, Oklahoma plant;

(c)    Damage to personal property that has been ruined by the Particulate Matter dust emitted from the Defendant's Kay County, Oklahoma plant;

(d)    Damage to real property that has been ruined or rendered less valuable as a result of Particulate Matter pollution;

(e)    Damages the Plaintiffs will have to incur as costs for remediation of the Particulate Matter dust on their real and personal property; and

(f)    Damages the individual Plaintiffs have sustained, and will continue to suffer, for emotional distress, anxiety, mental anguish and worry over the

wrongful actions by Defendant which bring harm and interrupts their full use and peaceful enjoyment of their property.

## COUNT I:  NEGLIGENCE

37.    The Plaintiffs incorporate herein by reference paragraphs 1 through 36 as if fully restated herein.

38.    At all times material to this complaint, the Defendant had a duty to conduct their manufacturing operations at their Kay County, Oklahoma plant in such a manner as to prevent the release of Particulate Matter onto the real and personal property of the Plaintiffs.

39.    At all times material to this complaint, the Defendant had a duty to maintain, repair and, where needed, replace their operating equipment and production systems in their Kay County, Oklahoma plant so as to prevent the release of Particulate Matter dust onto the real and personal property of the Plaintiffs.

40.    At all times material to this complaint, the Defendant had a duty to properly train and instruct their employees and/or subordinates on proper housekeeping procedures and the proper way to prevent, repair, detect and report leaks of Particulate Matter dust into the environment inhabited by the Plaintiffs.

41.    The Defendant is guilty of negligence because during the Particulate Matter manufacturing process, or through the process in which they supervise and control manufacturing, the Defendant has negligently released Particulate Matter dust onto the real and personal property of the Plaintiffs.

42.    The Defendant also negligently failed to follow proper housekeeping procedure or properly maintain, repair or replace substandard manufacturing equipment

10

and/or operating systems which routinely leak or emit Particulate Matter dust onto the real and personal property of the Plaintiffs.

43.    By design, the Defendant's employees and/or subordinates are not properly trained or instructed on proper housekeeping procedures and procedures to prevent, repair, detect or report leaks of Particulate Matter into the environment.  As a result of this wrongful conduct, the Defendant has breached the standard of reasonable care owed to the Plaintiffs and as a direct and proximate result of the Defendant's negligence, the Plaintiffs have been injured and damaged.

## COUNT III:  NUISANCE

44.    The Plaintiffs incorporate herein by reference paragraphs 1 through 43 as if fully restated herein.

45.    The Defendant is liable to each of the Plaintiffs for callously, intentionally, wrongfully and illegally creating a private and public nuisance infringing upon the Plaintiffs' rights to fully use and enjoy their property, thereby damaging the Plaintiffs, and their real and personal properties, as well as the Plaintiffs' health and environment in general.  The acts of the Defendant are the direct and proximate cause of the injuries and damages to the Plaintiffs.

## COUNT IV:  TRESPASS

46.    The Plaintiffs incorporate herein by reference paragraphs 1 through 45 as if fully restated herein.

47.    The Defendant has intentionally and continuously committed a trespass to each Plaintiff's person, rights and property by releasing and emitting Particulate Matter dust (including Carbon Black) onto the property of the Plaintiffs.

11

48.    The Defendant's trespass is a direct and proximate cause of the injuries and damages to the Plaintiffs.

## COUNT V:  FRAUD, MISREPRESENTAION AND DECEIT

49.    The Plaintiffs incorporate herein by reference paragraphs 1 through 48 as if fully restated herein.

50.    The acts of the Defendant in misrepresenting and concealing their Particulate Matter dust emissions and their responsibility for the resulting damages and emissions have caused the Plaintiffs, coupled with the Defendant's knowledge of said emissions and the actual or probable harm caused by same, constitutes active fraud, misrepresentation and deceit, both actual and concealed.  The fraud, misrepresentation and deceit of the Defendant are a direct and proximate cause of the Plaintiffs' damages.

## COUNT VI:  INJUNCTIVE RELIEF

51.    The Plaintiffs incorporate herein by reference paragraphs 1 through 50 as if fully restated herein.

52.    The wrongful acts and conduct of the Defendant as alleged herein have caused, and will continue to cause, irreparable harm to the Plaintiffs for which there is no adequate remedy other than a permanent injunction prohibiting such conduct by the Defendant.  The Plaintiffs respectfully ask this Court to enter an Order awarding them permanent and mandatory injunctive relief and requiring that Defendant refrain from the negligent, willful, wanton and illegal dispersing of Particulate Matter (including Carbon Black) onto their real and personal property.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs ask the Court to enter judgment in their favor and against the Defendant for the following:

(1)     Actual, consequential and compensatory damages flowing directly from the nuisance created by the Defendant and the Defendant' negligence, gross negligence and trespass in an amount in excess of $75,000.00;

(2)     Disgorgement of Defendant' ill-gotten gains which will span the entirety of the Defendant's wrongful, deceitful and unlawful practices within the State of Oklahoma in an amount in excess of $75,000.00;

(3)     Prejudgment interest as allowed and calculated by law;

(4)     Permanent and mandatory injunctive relief prohibiting the Defendant from releasing Particulate Matter (including Carbon Black) onto the Plaintiffs' real and personal property and such other and further equitable relief as is necessary to halt this continuing nuisance and trespass;

(5)     Any and all other relief that the Court finds is fair and equitable;

(6)     Such reasonable attorneys' fees as may be approved by the Court;

(7)     All costs which may be allowed by Statute.

Respectfully submitted,

PIERCE COUCH HENDRICKSON
  BAYSINGER & GREEN, L.L.P.


/s/ Amy R. Steele
Gerald P. Green, OBA # 03563
Amy R. Steele, OBA # 20344
PIERCE COUCH HENDRICKSON
    BAYSINGER & GREEN, L.L.P.
P. O. Box 26350; 1109 N. Francis
Oklahoma City, OK 73126-0350
Phone:  (405) 235-1611
Fax:  (405) 235-2904

**ATTORNEY LIEN CLAIMED**

**JURY TRIAL DEMANDED**